## WRIGHT *v.* ALDRICH.

Money paid in satisfaction of a judgment, to the attorney of the judgment creditor, cannot, on a reversal of the judgment with an order for restitution, be recovered of the attorney in an action at law against him by the judgment debtor.

ASSUMPSIT.   Arthur R. Aldrich, in a suit against the plaintiff, recovered judgment, which the plaintiff satisfied by payment to the defendant, Arthur's attorney.   The defendant, in good faith, applied a part of the money in the payment of costs and of other claims against Arthur, by his direction, and gave him credit for the balance on his own account against him, amounting to a larger sum.   Subsequently, on a rehearing, the judgment against the plaintiff was reversed, with an order for a writ of restitution in his favor against Arthur, and for his costs.   The plaintiff in this action seeks to recover the amount paid to the defendant in satisfaction of the judgment.

*Ray, Drew & Jordan*, for the plaintiff.

*E. Aldrich, pro se.*

ALLEN, J.   In *Little* v. *Bunce*, 7 N. H. 485, it was decided that when a judgment in favor of one party is reversed upon error or review, the only remedy for restitution is against a party to the record.   The defendant here was neither party of record nor in interest in the case of *Arthur R. Aldrich* v. *Wright*, but only attorney for the plaintiff in that action.   When he collected the avails of the original judgment and applied them to his own claim and the claims of others under the direction of his client, he was acting in good faith, in the ordinary course of business, under a judgment not then vacated, and which he could have had no reason to suppose would be vacated.   The title to chattels purchased at an execution

sale is not affected by a subsequent reversal of the judgment, and the voluntary assignment of a note, or the payment of money by the execution debtor to the plaintiff's attorney, in satisfaction of the debt, cannot, for reasons equally good, be impeached, when afterwards the judgment may have been vacated. *Little v. Bunce*, *supra*, citing *Hoe's Case*, 3 Coke (London, 1826) 181; *Drury's Case*, 4 *id.* 418; 2 Tidd Prac. 1138. Even if the application of the money by the defendant to the payment of a part of his own claim had not been made, but remained in his hands as a collector for Arthur R. Aldrich, it could not be recovered in this action, for the defendant was not a party to the original suit. *Rex v. Leaver*, 2 Salk. 587. In such a case it would be necessary for the plaintiff to proceed by trustee process, or some other equitable form of action.

*Judgment for the defendant.*

BINGHAM and SMITH, JJ., did not sit: the others concurred.